UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FAIR SPIRIT MARITIME LTD,

Plaintiff,

- against -

INTERNATIONAL OIL OVERSEAS INC., a/k/a IOOI, MARINA WORLD SHIPPING CORP., GRESHAM WORLD SHIPPING INC., BAKRI TRADING CO. INC., TARAZONA SHIPPING CO., S.A., SCHIFF HOLDING CO. S.A. and QUOIN ISLAND MARINE WL,

Defendants.

---

08 Civ. 10109 (WHP)

ECF CASE

RECEIVED
MAR 27 2009
U.S.D.C. S.D. N.Y.
CASHIERS

**AMENDED VERIFIED COMPLAINT**

Plaintiff, FAIR SPIRIT MARITIME LTD. (hereinafter "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Amended Verified Complaint against the Defendants, INTERNATIONAL OIL OVERSEAS INC. a/k/a IOOI, (hereinafter "IOOI"), MARINA WORLD SHIPPING CORP. ("MWS") and GRESHAM WORLD SHIPPING INC. ("GWS"), BAKRI TRADING CO. INC. ("BTC"), TARAZONA SHIPPING CO., S.A. ("TSC"), SCHIFF HOLDING CO. S.A. ( "SHC"), and QUOIN ISLAND MARINE WL ("QIM") (hereinafter collectively referred to as "Defendants") allege, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of maritime contract of charter. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the

Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

3. Upon information and belief, Defendant IOOI was, and still is, a foreign coporation, or other business entity organized and existing under foreign law.

4. Upon information and belief, Defendants MWS, GWS, BTC, TSC, SHC and QIM were, and still are, foreign corporations, or other business entities organized and existing under foreign law, and were, and still are, trade names, aliases, alter-egos, paying agents, receiving agents, and/or joint venturers of Defendant IOOI who are now, or will soon be, holding assets/property belonging to IOOI.

5. At all times material to this action, Plaintiff was the owner of the motor vessel "FAIR SPIRIT' (hereinafter "The Vessel").

6. By a charter party dated March 23, 2007 (hereinafter "charter party") Plaintiff voyage chartered the Vessel to Defendant IOOI for the carriage of cargo from Fujairah, United Arab Emrirates to discharge ports in Singapore and Japan. *A copy of the charter party is annexed hereto as Exhibit "1."*

7. Pursuant to the terms of the fixture recap, Plaintiff delivered the Vessel into the service of Defendant IOOI and has at all times fully performed its duties and obligations under the charter party.

8. The charter party provides for payment of demurrage[1] at the rate of $25,000.00 per day, pro rata. *See Exhibit "1".*

---

[1] Demurrage is a fixed sum, per day or per hour, agreed to be paid for the detention of the vessel under charter at the expiration of laytime allowed.

9. Defendant IOOI completed its voyage charter under the charter party. During the course of loading and discharging, Defendant IOOI exceeded the amount of laytime[2] provided for under the charter party and demurrage charges were incurred. *See Time Sheet detailing demurrage incurred at load and discharge ports as Exhibits "2."*

10. Disputes arose between the parties regarding Defendant IOOI's failure to pay the demurrage due and owing under the charter party. *See invoice detailing amounts owed attached hereto as Exhibit "3".*

11. Defendant IOOI has breached the terms of the charter party by failing to pay demurrage due and owing to Plaintiff in the total amount of $339,218.75 under the Charter Party

12. In accordance with the clause 21 of the charter party, Plaintiff sent IOOI its duly supported demurrage claim/invoice on May 21, 2007.

13. However, despite due demand, IOOI failed to pay the amounts due and owing to Plaintiff under the charter party.

14. Pursuant to the terms of the charter party, disputes between the parties are to be submitted to arbitration in London with English law to apply.

15. Plaintiff has initiated arbitration in London against Defendant IOOI on its claims.

16. This action is brought in order to obtain jurisdiction over Defendant(s) and also to obtain security for Plaintiff's claims and in aid of London arbitration proceedings.

17. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party.

2 Laytime refers to the time allowed by the shipowner to the voyage charterer in which to load and/or discharge the cargo.

18. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | | |
|---|---|---|---|
| a. | Plaintiff's principal claim (Demurrage): | $ | 339,218.75 |
| b. | Interest:<br>3 years at 7 % compounded quarterly | $ | 78,587.98 |
| c. | Estimated recoverable arbitration fees: | $ | 20,000.00 |
| d. | Estimated recoverable legal fees and costs: | $ | 70,000.00 |
| **Total:** | | **$** | **507,806.73** |

19. Upon information and belief, Defendants IOOI, MWS, GWS, BTC, TSC, and SHC are operated, controlled and managed as a single economic enterprise known as the "BAKRI GROUP" which is ultimately controlled by the Al-Bakri family and headed by Sheikh Abdul Kader Al-Barki, with offices at The Bakri Building, Al-Andalus Street, Jeddah, 21481, Saudi Arabia.

20. Upon information and belief, among the entities which comprise the BAKRI GROUP including, but not limited to, IOOI, MWS, GWS, BTC, TSC, and SHC, there is a commonality of control and management centered with the Al-Bakri family.

21. Defendants MWS, GWS, BTC, TSC, and SHC and the BAKRI GROUP at large are the alter-egos of Defendant IOOI because they dominate and disregard the corporate form of IOOI, to the extent that MWS, GWS, BTC, TSC, and SHC and the BAKRI GROUP at large are actually carrying on the business and operations of IOOI, as if the same was their own, or vice versa.

22. Upon information and belief, IOOI is merely a shell-corporation through which the BARKI GROUP and Defendants MWS, GWS, BTC, TSC, SHC and QIM conduct their business.

23. Upon information and belief, Defendant IOOI has no separate, independent identity from MWS, GWS, BTC, TSC, SHC, QIM and the BAKRI GROUP at large.

24. Upon information and belief, the BARKI GROUP and/or IOOI utilize Defendants MWS, GWS, BTC, TSC, SHC and QIM as "paying/receiving agents" or "pass through" entities such that they can insulate themselves from creditors relating to their commercial obligations and in particular its vessel charters.

25. Further, upon information and belief, the BAKRI GROUP at large and/or Defendants MWS, GWS, BTC, TSC, SHC and QIM use IOOI as their "chartering arm." That is, the BAKRI GORUP and/or Defendants MWS, GWS, BTC, TSC, SHC and QIM uses IOOI's name to enter into charter parties, so that they can insulate themselves from creditors relating to their commercial obligations and in particular their vessel charters.

26. It is not general practice in the maritime community, nor anywhere else, for independent companies to make or receive large payments on behalf of other independent companies. Payments sent or received on behalf of another independent company are suggestive of a relationship that is not "arms length."

27. Upon information and belief, Defendants MWS, GWS, BTC, TSC, SHC, and QIM make and/or receives payments on IOOI's behalf where they have absolutely no contractual obligation/relationship to IOOI's creditors and/or debtors.

28. Upon information and belief Defendant MWS made substantial payment(s) on behalf of Defendant IOOI pursuant to a charter party (unrelated to the instant action) even though it was under no contractual obligation to do so. *See the Anastasatou Declaration in Route Holding Inc. et al. v. International Oil Overseas Inc. et al., Civil Docket No. 06 Civ. 3428 annexed hereto as Exhibit "4."*

29. Upon information and belief Defendant GWS made substantial payment(s) on behalf of Defendant IOOI pursuant to a charter party in this action as well as a charter party in an unrelated

action even though it was under no contractual obligation to do so. *See ¶ 34 of Samantha International Corp et al. v. International Overseas Oil Inc. et al., Civil Docket No. 08 Civ. 6595 and ¶39 of Bezon Shipping Ltd. v. International Oil Overseas Inc. et al., Civil Docket No. 07 Civ. 11363 annexed hereto as Exhibit "5" and "6" respectively.*

30. Upon information and belief Defendant BTC made substantial payment(s) on behalf of Defendant IOOI pursuant to a charter party unrelated to the instant action even though it was under no contractual obligation to do so. *See ¶ 36 and ¶40 of Exhibit "5" and "6" respectively.*

31. Upon information and belief Defendant TSC made substantial payment(s) on behalf of Defendant IOOI pursuant to a charter party (unrelated to the instant action) even though it was under no contractual obligation to do so. *See ¶ 35 and ¶35-37 of Exhibit "5" and "6" respectively.*

32. Upon information and belief Defendant SHC made substantial payment(s) on behalf of Defendant IOOI pursuant to a charter party unrelated to the instant action even though it was under no contractual obligation to do so. *See ¶ 37 of Exhibit "5."*

33. Upon information and belief Defendant QIM made substantial payment(s) on behalf of Defendant IOOI pursuant to a charter party (unrelated to the instant action) even though it was under no contractual obligation to do so. *See ¶38 of Exhibit "6."*

34. Based on the above, among the entities which comprise the BAKRI GROUP, including but not limited to IOOI, MWS, GWS, BTC, TSC, SHC, QIM, there is commingling of funds.

35. Upon information and belief, the entities which make up the BAKRI GROUP, including but not limited to Defendants IOOI, MWS, GWS, BTC, TSC, SHC and QIM share or shared common ownership, operation, and/or premises.

36. Upon information and belief Defendant IOOI uses the same postal address as the BAKRI GROUP and Defendants MWS, GWS, BTC, TSC and SHC, *i.e.* – Al-Andalus Street, P.O. Box 3757, Jeddah, 21424, Saudi Arabia. *See ¶ 32 of Exhibit "5."*

37. As set forth above, upon information and belief Defendants are among several companies which are operated, controlled and managed as a single economic enterprise known as the "BAKRI GROUP" which are nominally owned and controlled by members of the Al Bakri family. *See ¶ 31 of Exhibit "5."*

38. Upon information and belief, among the entities which make up the BAKRI GROUP, including but not limited to IOOI, MWS, GWS, BTC, TSC and SHC, there is an overlap in directors, officers, and/or employees.

39. Upon information and belief the directors of MWS include Mr. Bakri and his immediate family members, who serve in many other positions within the Bakri Group. Further, two of the directors of IOOI are tied to the Bakri Group. *See ¶47-53 of Exhibit "4."*

40. Upon information and belief Defendants IOOI, MWS, GWS, BTC, TSC, SHC and QIM do not observe proper corporate formalities. It is rare for Saudi trading groups such as the BAKRI GROUP to observe any traditional corporate organization. *See p. 2 of the MIU Report annexed hereto as Exhibit "7."*

41. Based on the foregoing, as well as other activities, Defendants should be considered as a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the other, and all assets of Defendants MWS, GWS, BTC, TSC, SHC and QIM susceptible to attachment and/or restraint for the debts of Defendant IOOI.

42. By virtue of the foregoing, Defendants MWS, GWS, BTC, TSC, SHC and QIM are properly considered a party to the subject contract as the trade names, aliases, alter egos, and/or paying agents of Defendant IOOI.

43. In the further alternative, upon information and belief Defendants MWS, GWS, BTC, TSC, SHC and QIM are joint venturers and/or successors in interest of Defendant IOOI such they are now, or will soon be, holding assets belonging to Defendant IOOI.

44. In the further alternative, upon information and belief Defendants MWS, GWS, BTC, TSC, SHC and QIM are affiliated companies such they are now, or will soon be, holding assets belonging to Defendant IOOI.

45. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants. *See Affidavit in Support of Prayer for Maritime Attachment annexed hereto as Exhibit "8."*

46. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any property of the Defendants held by any garnishee within the District for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Amended Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendant(s) to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C. That pursuant to 9 U.S.C. §§ 201. *et seq.* and/or the doctrine of comity this Court recognize and confirm any foreign judgment or arbitration award rendered on the claims had herein as a Judgment of this Court;

D. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property of the Defendants within the District, including but not limited to any funds held by any garnishee, which are due and owing to the Defendants, up to the amount **$507,806.73** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Amended Complaint;

E. That this Court enter judgment against Defendants on the claims set forth herein;

F. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

G. That this Court award Plaintiff its attorney's fees and costs of this action; and

H. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: March 27, 2009

The Plaintiff,
FAIR SPIRIT MARITIME LTD.

By: ______________________

Patrick F. Lennon
Nancy R. Siegel
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
pfl@lenmur.com
nrs@lenmur.com

**ATTORNEY'S VERIFICATION**

1. My name is Nancy R. Siegel.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing First Amended Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, documents and information received from the Plaintiff and agents and/or representatives of the Plaintiff, and information available on the public docket.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated: March 27, 2009

Nancy R. Siegel