# Exhibit 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FAIR SPIRIT MARITIME LTD,            :
                                     :
            Plaintiff,               :     08 Civ. 10109 (WHP)
                                     :
    - against -                      :     ECF CASE
                                     :
INTERNATIONAL OIL OVERSEAS INC.,     :
a/k/a IOOI, MARINA WORLD SHIPPING    :
CORP., GRESHAM WORLD SHIPPING        :
INC., BAKRI TRADING CO. INC.,        :
TARAZONA SHIPPING CO., S.A., SCHIFF  :
HOLDING CO. S.A. and QUOIN ISLAND    :
MARINE WL,                           :
                                     :
            Defendants.              :
------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut  )
                      )  ss: SOUTHPORT
County of Fairfield   )

Nancy R. Siegel, being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and represent the Plaintiff herein. I am familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

### DEFENDANT IS NOT PRESENT IN THE DISTRICT

2. I attempted to locate the Defendant INTERNATIONAL OIL OVERSEAS INC. a/k/a IOOI ("IOOI") within this District as of the date the initial Verified Complaint was filed, November 20, 2008. As part of my investigation to locate the Defendant IOOI within this District, I checked the telephone company information directory, as well as the white and yellow

pages for New York listed on the Internet or World Wide Web, and did not find any listing for the Defendant IOOI. Finally, I checked the New York State Department of Corporations' online database which showed no listings or registration for the Defendant IOOI.

3.  After the Verified Complaint was filed, on or about December 30, 2008, Defendant registered to do business in New York with the New York State Department of Corporations and appointed an agent for service of process in New York. However, these actions do not create a "presence" for the Defendant IOOI in this District for the purposes of this action. The defendant's presence in the district is determined as of the date the original complaint is filed. *See Parkroad Corp. v. China Worldwide Shipping Co.*, 2005 U.S. Dist. LEXIS 11122, at *3 (S.D.N.Y. 2005). "Testing for presence after the complaint has been filed would permit a defendant to wait until after a plaintiff files a complaint and then appoint an agent for service of process for the sole purpose of defeating attachment." *See Id. (internal citations omitted).* Here, IOOI was not registered as of the date the Complaint was filed.

4.  I have attempted to locate the Defendants MARINA WORLD SHIPPING CORP. ("MWS"), GRESHAM WORLD SHIPPING, INC. ("GWS"), BAKRI TRADING CO. INC. ("BTC"), TARAZONA SHIPPING CO., S.A. ("TSC"), SCHIFF HOLDING CO. S.A. ("'SHC") and QUOIN ISLAND MARINE WL ("QIM") in this District. As part of my investigation to locate the above Defendants within this District, I checked the telephone company information directory, as well as the white and yellow pages for New York listed on the Internet or World Wide Web, and did not find any listing for the Defendants. Finally, I checked the New York State Department of Corporations' online database which showed no listings or registration for the Defendants.

5. Judges in the Southern District of New York have found that alter-egos of a "present" defendant are deemed "present" in the district as well for Rule B purposes. *See e.g. Glory Wealth Shipping Pte Ltd. v. Industrial Carriers, Inc.*, No. 08 Civ. 8425 (RJH), 2008 U.S. Dist. LEXIS 101457, *5 (S.D.N.Y. Dec. 16, 2008). However, it is only logical that if the alter-ego defendants are relying on the principal defendant's registration to claim presence, that they can place themselves in a no better position than the principal defendant. Here, IOOI was not registered at the time the Verified Complaint was filed. The initial date of filing is the operative date for determining "presence." Therefore, Defendants MWS, GWS, BTC, TSC, SHC, and QIM ( IOOI's alleged alter-ego's) should not be able to use IOOI's registration to claim "presence" in the district for the purposes of this action which was filed on November 20, 2008, well before IOOI registered with the New York State Department of Corporations.

6. I submit based on the foregoing that the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

7. Upon information and belief, the Defendant has, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which are believed to be due and owing to the Defendant.

8. This is Plaintiff's second request for this relief made to this Court.

**PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER**

9. Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy R. Siegel, Coleen A. McEvoy, Anne C. LeVasseur or any other partner, associate,

-2-

paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by Gotham Process Servers, in addition to the United States Marshal, to serve the Ex Parte Order and Process of Maritime Attachment and Garnishment, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for or on account of, the Defendant.

10. Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the Defendant.

11. To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishees to be identified in the writ.

### PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

12. Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendant, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

### PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

13. Further, in order to avoid the need to repetitively serve the garnishees/banks, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served; and throughout the next day, provided that process is served that day, and to authorize service of process via facsimile or e-mail following initial *in personam* service.

Dated:   March 27, 2009
         Southport, CT

_____
Nancy R. Siegel

Sworn and subscribed to before me
this 27th day of March, 2009

_____
Notary Public

Mary E. Fedorchak
Notary Public-Connecticut
My Commission Expires
November 30, 2011