**EXHIBIT C TO NRS DECLARTION**

p. 1

08 Civ. 10109 [WHP]

Docket no.

08cv10191

### THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Southern District of New York (or designated process server) - GREETINGS:

WHEREAS an Amended Verified Complaint has been filed in the United States District Court for the Southern District of New York on the 27th day of March, 2009 by

**FAIR SPIRIT MARITIME LTD.,**

Plaintiff,

against

**INTERNATIONAL OIL OVERSEAS INC., a/k/a IOOI, MARINA WORLD SHIPPING CORP., GRESHAM WORLD SHIPPING INC., BAKRI TRADING CO. INC.,TARAZONA SHIPPING CO., S.A., SCHIFF HOLDING CO. S.A. and QUOIN ISLAND MARINE WL,**

Defendants,

in a certain action for breach of maritime contract wherein it is alleged that there is due and owing from the Defendants to the said Plaintiff the amount of $507,806.73 and praying for process of maritime attachment and garnishment against the said Defendants;

WHEREAS, this process is issued pursuant to such prayer, and requires that a garnishee(s) shall serve their answer(s), together with answers to any interrogatories served with the Amended Complaint, within 20 days after service of process upon him and requires that Defendants shall serve their answer(s) within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

NOW, THEREFORE, we do hereby command you that if the said Defendants cannot be found within the District you attach goods and chattels to the amount sued for, and if such property cannot be found that you attach other property, credit and effects to the amount sued for in the hands of:

ABN Amro, American Express Bank, Bank of America, Bank of New York, Bank of China, Bank of India, State Bank of India, BNP Paribas, Citibank, Deutsche Bank, HSBC Bank USA Bank, J.P. Morgan Chase, Societe Generale, Standard Chartered Bank, UBS, Wachovia Bank N.A., and/or Habib Bank

to wit: property, letters of credit, deposits, funds, credits, bills of lading, debts, settlement agreements, or other assets, tangible or intangible, in whatever form of:

**INTERNATIONAL OIL OVERSEAS INC., a/k/a IOOI, MARINA WORLD SHIPPING CORP., GRESHAM WORLD SHIPPING INC., BAKRI TRADING CO. INC.,TARAZONA SHIPPING CO., S.A., SCHIFF HOLDING CO. S.A. and QUOIN ISLAND MARINE WL,**

and that you promptly after execution of this process, file the same in this court with your return thereon.

WITNESS, the Honorable William H. Pauley, Judge of said Court, this 8th day of April 2009, and of our Independence the two-hundred and thirty-third.

Lennon, Murphy & Lennon, LLC
Attorneys for Plaintiff
The Gray Bar Building
420 Lexington Ave., Suite 300
New York, NY 10170
Phone (212) 490-6050

J. MICHAEL McMAHON
Clerk

By

Deputy Clerk

CERTIFIED AS A TRUE COPY ON

THIS DATE 04.08.09

BY

Clerk
Deputy

*NOTE: This Process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and/or New York Civil Practice Law and Rules, Article 62.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04·08·09

FAIR SPIRIT MARITIME LTD,

        Plaintiff,

    -against-

INTERNATIONAL OIL OVERSEAS INC., et al.,

        Defendants.

08 Civ. 10109

**ORDER DIRECTING CLERK
TO ISSUE PROCESS OF
MARITIME ATTACHMENT AND
GARNISHMENT AND
APPOINTING PROCESS SERVER**

      On March 27, 2009, Plaintiff, FAIR SPIRIT MARITIME LTD, filed a Verified Complaint in the captioned action seeking damages of US$ 507,806.73 inclusive of interest, costs and reasonable attorneys' fees, and seeking the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

      The Court has reviewed the Verified Complaint and the Supporting Affidavit of Nancy R. Siegel, dated March 27, 2009, and finds that the conditions of Supplemental Admiralty Rule B appear to exist.

      The Affidavit of Nancy R. Siegel has demonstrated to the Court's satisfaction that the Defendant regularly sends funds to others, which funds are routed electronically (electronic funds transfers) through New York banks.

      **ACCORDINGLY, IT IS HEREBY**

      **ORDERED,** that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to or being held for Defendant by any garnishee identified in Schedule A to this order, upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, including but not limited to funds representing electronic fund

transfers originated by, payable to, or otherwise for the benefit of Defendant at the time of service, in an amount of up to US$ **507,806.73** pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and, it is further.

**ORDERED**, that any person claiming an interest in any property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated; and it is further,

**ORDERED**, that any person at least 18 years of age and not a party to this action, employed with or appointed by Lennon, Murphy & Lennon LLC be and hereby is appointed to serve this Order and Process of Maritime Attachment and Garnishment on any garnishee identified in Schedule A to this Order and on such additional garnishees as permitted herein; and it is further,

**ORDERED**, that supplemental process specifying other or additional garnishees and enforcing the Court's Order may not be issued by the Clerk without further Order of the Court; and it is further,

**ORDERED**, that initial service by the United States Marshal or other designated process server shall be made personally upon each garnishee; and it is further,

**ORDERED**, that at the request of the garnishee, plaintiff is required to pay a reasonable fee for processing this attachment, as determined by each garnishee; and it is further,

**ORDERED**, that a copy of this Order be attached to and served with initial service of the Process of Maritime Attachment and Garnishment upon each garnishee; and it is further,

2

**ORDERED**, that pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and/or (F), any garnishee may consent to deem service to be effective and continuous for any period of time not to exceed 60 days from the date of this order. Such consent may be manifested in the garnishee's rules, policies or other instructions regarding service; and it is further,

**ORDERED**, that following initial service as described above, if any supplemental service of the Process of Maritime Attachment and Garnishment is required, it shall be made personally, unless the garnishee consents to service by way of facsimile transmission to a fax number designated by the garnishee for that purpose. Supplemental service can also be made by e-mail or other means if consented to by the garnishee pursuant to Fed. R. Civ. P. 5(b)(2)(E) and/or (F). Such consent may be manifested in the garnishee's rules, policies or other instructions regarding service; and it is further,

**ORDERED**, that any garnishee served with this Order, upon determining that it is in possession of any property which may be subject to this Order, shall, as soon thereafter as is practicable, advise the plaintiff of such details about the attachment as are reasonably available to it. With respect to the attachment of an electronic funds transfer, the garnishee shall, to the extent known, advise counsel for the plaintiff of the following details: (1) amount of funds attached, (2) the exact name of the originator and beneficiary as reflected in the wire transfer information, (3) any available details about the purpose of the transfer (e.g., contained in the wire transfer documentation). The requirement for providing information shall be satisfied if the garnishee furnishes to the plaintiff the payment order for the funds; and it is further,

**ORDERED**, that in the event plaintiff restrains any assets pursuant to the Attachment Order, within five (5) days of this having occurred plaintiff shall inform the Court in writing that it has restrained assets and within thirty (30) days of this having occurred shall inform the Court

in writing whether it has arranged with defendant(s) and/or any third parties to establish a separate escrow account into which to transfer funds in the amount of the attached assets, or obtain mutually acceptable substitute security in the amount of such assets, or pay such funds into the Registry of the Court. If the parties are able to agree to an arrangement, then this case will be dismissed without prejudice, and, upon request by plaintiff, the case will be reopened for the purposes of any necessary proceedings to enforce any judgment or arbitration award rendered in connection with a resolution of the merits of the dispute that is the subject of this action; and it is further,

ORDERED, that this Order shall automatically expire 90 days from the date of its issuance if no assets or other property has been restrained pursuant to this Order, unless the plaintiff shows good cause for an extension of this Order for an additional 60 days. Further 60-day extensions may be granted in the discretion of the Court, but only upon a showing by plaintiff of extraordinary circumstances. All applications for extensions shall be made by letter to the Court; and it is further,

ORDERED, that this attachment shall automatically expire 45 days after the date of this Order unless plaintiff confirms by letter that it has commenced arbitration or other adversarial proceedings on the merits of the claims underlying the attachment. Plaintiff may request by letter an extension of the Order for an additional 45 days if it shows good cause why it has not commenced arbitration or other adversarial proceedings. In no event will the Order extend beyond 90 days where no arbitration or other adversarial proceeding has been commenced; and it is further,

ORDERED, that upon expiration or vacatur of this Order by reason of the two preceding paragraphs, this Action may be dismissed without prejudice, without costs, and without further

4

notice to any party.  The plaintiff is directed to submit a letter to the Court informing it of the

automatic expiration of the Order.

Dated:  April 7, 2009
        New York, New York

                           SO ORDERED:

                               WILLIAM H. PAULEY III
                                    U.S.D.J.

CERTIFIED AS A TRUE COPY ON

THIS DATE _04·08 '09_

BY _____
                  Clerk
                  Deputy