EXHIBIT G to NRS DECLARATION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/25/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FAIR SPIRIT MARITIME LTD,

    Plaintiff,        08 Civ. 10109 (WHP)

 - against -          ECF CASE

INTERNATIONAL OIL OVERSEAS INC.,
a/k/a IOOI, MARINA WORLD SHIPPING
CORP., GRESHAM WORLD SHIPPING
INC., BAKRI TRADING CO. INC.,
TARAZONA SHIPPING CO., S.A., SCHIFF
HOLDING CO. S.A. and QUOIN ISLAND
MARINE WL,

    Defendants.
----------------------------------------------------------X

## STIPULATION AND ORDER PROVIDING FOR DISMISSAL OF ACTION

IT IS HEREBY STIPULATED AND AGREED between the parties as follows:

 Whereas Plaintiff, Fair Spirit Maritime Ltd. ("Plaintiff"), commenced this Supplemental Rule B attachment proceeding against Defendant International Oil Overseas Inc. a/k/a IOOI, on November 20, 2008, seeking security with respect to various claims as set forth in Plaintiff's Verified Complaint;

 Whereas Plaintiff filed an Amended Verified Complaint in this action on March 27, 2009 against the Defendants International Oil Overseas Inc. a/k/a IOOI, Marina World Shipping Corp. Gresham World Shipping Inc., Bakri Trading Co. Inc., Tarazona Shipping Co. S.A., Schiff Holding Co. S.A. and Quoin Island Marine WL (hereinafter collectively referred to as "Defendants"), seeking security with respect to various claims as set forth in its Amended Verified Complaint,

NYDOCS1/332173.1

Whereas the Court issued an Amended Ex Parte Order authorizing the issuance of Process of Maritime Attachment against the Defendants on or about April 8, 2009;

Whereas Process of Maritime Attachment and Garnishment ("PMAG") was issued and served upon various garnishee banks pursuant to this Court's order dated April 8, 2009; and,

Whereas, pursuant to the terms of the PMAG, funds belonging to Defendants were restrained at the Standard Chartered Bank in the approximate amounts of $1,055.00, $199,760.79, and $50,000.00, at Citibank in the approximate amount of $121,770.84, and at Wachovia in the approximate amount $30,555.00 (together with any other funds held pursuant to the PMAG) (the "Attached Funds"); and,

Whereas since substitute security for Plaintiff's claims has been arranged, the Plaintiff and Defendants have agreed that: (1) the Attached Funds should be released pursuant to instructions to be provided by letter or e-mail from counsel for Defendants, Freehill, Hogan & Mahar, LLP; and (2) the above-captioned matter should be dismissed without costs to any party pursuant to Federal Rule of Civil Procedure 41(a), subject to being re-opened by either party by written letter request to the Court for the purposes of enforcing any judgment or arbitration award rendered in connection with a resolution of the merits of the dispute that is the subject of this action or for purposes of challenging the alter ego allegations set forth in the Amended Complaint.

Dated: June 15, 2009

LENNON, MURPHY & LENNON, LLC
Attorneys for Plaintiff
FAIR SPIRIT MARITIME LTD.

FREHILL, HOGAN & MAHAR, LLP
Attorneys for Defendants
INTERNATIONAL OIL OVERSEAS INC., a/k/a IOOI, MARINA WORLD SHIPPING CORP., GRESHAM WORLD SHIPPING INC., BAKRI TRADING CO. INC., TARAZONA SHIPPING CO., S.A., SCHIFF HOLDING CO. S.A. and QUOIN ISLAND MARINE WL

NYDOCS1/332173.1

By: /s/
Nancy R. Siegel (NP 2871)
The Gray Bar Building
420 Lexington Ave., Suite 300
New York, New York 10170
(212) 490-6050

By: /s/
Michael Unger
80 Pine Street
New York, NY
10005-1759
212-425-1900

IT IS HEREBY ORDERED that the Attached Funds, presently restrained by Standard, Chartered Bank, Citibank and Wachovia shall be immediately released pursuant to wire transfer instructions to be provided by letter or e-mail by Defendants' attorneys, Freehill, Hogan & Mahar; and

IT IS HEREBY FURTHER ORDERED that the above-captioned matter be dismissed without costs to any party pursuant to Federal Rule of Civil Procedure 41(a) subject to being re-opened by either party by written letter request to the Court for the purposes of enforcing any judgment or arbitration award rendered in connection with a resolution of the merits of the dispute that is the subject of this action or for purposes of challenging the alter ego allegations set forth in the Amended Complaint.

**SO ORDERED.**

/s/ William H. Pauley
U.S.D.J.
6/23/09

NYDOCS1/332173.1